# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

CHARLES SCHWAB & CO., INC., )
          )    Case No. 25-cv-8567
          )
      Plaintiff, )
v.            )    Magistrate Judge Jeannice W. Appenteng
          )
DAVID ROSS and ALLEN KUTCHINS, )
          )
          )
      Defendants.

## MEMORDANDUM OPINION AND ORDER

Before the Court is defendant Ross's Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, Dkt. 33. For the reasons below, defendant's motion is granted.

## I. Background

Plaintiff Charles Schwab & Co. filed its interpleader complaint under 28 U.S.C. § 1335, seeking resolution of competing interests for assets held by plaintiff. Dkt. 1 at 1. Defendant David Ross and defendant Allen Kutchins each claim an interest in the assets. *Id.* Plaintiff invoked diversity jurisdiction, asserting plaintiff is incorporated in California, defendant Ross resides in North Carolina and/or Arizona, and defendant Kutchins resides in Illinois. *Id.* at 2. The parties reiterated this jurisdictional statement in their initial joint status report before the District Judge. Dkt. 24.

Shortly thereafter, the parties consented to proceed before the Magistrate Judge, Dkt. 26, and defendant Ross moved to dismiss the complaint, Dkt. 33.

Defendant Ross argues he is a United States citizen domiciled in Rwanda, and therefore, he is a "stateless citizen" who cannot be sued in diversity. Dkt. 33 at 2-3. With leave of the Court, the parties conducted limited jurisdictional discovery, Dkt. 41. Defendant Ross's motion to dismiss is now fully briefed.

## II.     Legal Standard

"Subject-matter jurisdiction is the first issue in any case." *Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 731 (7th Cir. 2021) (quoting *Miller v. Southwest Airlines Co.*, 926 F.3d 898, 902 (7th Cir. 2019)). Under 28 U.S.C. § 1335, this Court "shall have original jurisdiction of any civil action of interpleader" when the plaintiff has in "its custody or possession money or property of the value of $500 or more," and "[t]wo or more adverse claimants [ ] of diverse citizenship … are claiming or may claim to be entitled to such money or property." Diverse citizenship here is defined by federal statute, which grants jurisdiction to the Court over civil actions between citizens of different states, a citizen of a state and a foreign citizen, or foreign citizens residing in the United States. 28 U.S.C. § 1332(a); *see also Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 635 (7th Cir. 2021).

Natural persons are citizens of the state in which they are domiciled. *Page*, 2 F.4th at 634. "To establish a domicile of choice a person generally must be physically present at the location and intend to make that place his home." *Sadat v. Mertes*, 615 F.2d 1176, 1180 (7th Cir. 1980); *Galaxy Precision Mfg., Inc. v. Grupo Indus. San Abelardo S.A. de C.V.*, No. 21-CV-84, 2022 WL 1908978, at *4 (N.D. Ill. June 3, 2022). Because intent can be challenging to discern, "courts primarily look

2

at intent through objective factors" such as "current residence, voting registration and voting practices, location of personal and real property, location of financial accounts, membership in unions and other associations, place of employment, driver's license and automobile registration, and tax payments." *Strabala v. Zhang*, 318 F.R.D. 81, 97 (N.D. Ill. 2016) (quoting *Midwest Transit, Inc. v. Hicks*, 79 Fed. Appx. 205, 208 (7th Cir. 2003)). No single factor is determinative, and "each case necessarily turns on its own unique combination of facts." *Id.* at 97-98.

United States citizens who are domiciled in another country "are not 'citizens' of any state for purposes of the [diversity] statute," nor are they foreign citizens. *Page*, 2 F.4th at 635. "Federal courts, then, lack jurisdiction over these so-called 'stateless' citizens if the only basis for subject matter jurisdiction is the diversity statute." *Id.* at 636.

The burden of establishing diversity jurisdiction belongs to the party invoking subject-matter jurisdiction, in this case plaintiff and defendant Kutchins. *See Galaxy Precision Mfg., Inc.*, 2022 WL 1908978, at *2 (citing *Hertz Corp v. Friend*, 559 U.S. 77, 96 (2010)).

## III.   Analysis

Defendant Ross argues he is domiciled in Rwanda. Plaintiff and defendant Kutchins concede that Ross currently resides in Rwanda, but they argue he is domiciled in the United States. Thus, the question for the Court is whether, based on the totality of circumstances, Ross intends to remain in Rwanda or intends to return to the United States. *Strabala*, 318 F.R.D. at 97, 99 (defining domicile as the

place where a party has "a true, fixed home" and where the party "has the intention of returning," or the "intention to remain … indefinitely").

The Court finds that defendant Ross supplied sufficient evidence to establish his intent to remain indefinitely in Rwanda. Ross submitted a declaration, attesting he has lived in Rwanda since 2021, he has a Rwandan driver's license, he is the Managing Director of a company incorporated and operating in Rwanda, he does not maintain a residence in the United States, and he intends to stay in Rwanda. Dkt. 33-1. To buttress his statements, Ross supplied documentation evidencing his Rwandan employment, residence, bank account, car insurance, driver's license, and tax payments. *See* Dkt. 56 at 5 (rental agreement and extension of lease); 13 (bank account); 29-36 (business registration and real estate information); 42 (property tax receipt); 48 (driver's license); 172 (car insurance); and 254-255 (receipt for business taxes). Based on Ross's sworn statement of intent and the evidence showing that Ross lives, works, pays taxes, and registered his vehicle in Rwanda, the Court concludes that he is domiciled there. *Strabala*, 318 F.R.D. at 99, 102 (finding objective evidence and declaration about domiciliary intent established domicile).

Plaintiff and defendant Kutchins maintain that Ross is domiciled in the United States, highlighting that Ross has valid Arizona and New York driver's licenses, he owns property in Arizona, the assets at issue are held in an Arizona bank account, and he maintains a P.O. box in North Carolina. Dkt. 52 at 2; Dkt. 53 at 2-3. But plaintiff and defendant Kutchins fail to set forth enough facts to suggest

4

Ross has a "true, fixed home and principal establishment" in any one state.[1] *See Strabala*, 318 F.R.D. at 97 (explaining "a person can have multiple residences but only one domicile"). First, the Court finds Ross is not domiciled in New York because the license alone, issued two years before Ross moved to Rwanda, does not suggest he intends to leave Rwanda and return to New York. Though the license includes a New York residential address, nothing in the record indicates Ross maintains that residence or has other ties to the state of New York to "make that place home." *Galaxy Precision Mfg., Inc.*, 2022 WL 1908978, at *4. Likewise, the North Carolina P.O. box, which simply allows Ross to receive and review certain mail online, Dkt. 54 at 11-12, does not suggest that Ross has the option, let alone the intent, to reside in North Carolina indefinitely. Although Ross has more connecting him to Arizona—property ownership, a bank account, and a license— these facts do not rebut Ross's asserted and demonstrated intent to remain in Rwanda. The Arizona property has been listed for sale since 2024, which supports Ross's statement that he does not maintain a residence in the U.S. and intends to remain abroad. *See* Dkt. 54 at 6 (Ross Reply); Dkt. 56 at 307-22 (Zillow listing for Arizona property); *see also Strabala*, 318 F.R.D. at 99-100 (finding no domicile in state where plaintiff owned a condo that was for sale). And Ross's Arizona license, like the New York license, was issued before he moved to Rwanda. The fact that

---

[1] To the extent plaintiff and defendant Kutchins argue Ross is domiciled generally in the United States, they fail to carry their burden of establishing jurisdiction because they must demonstrate that Ross is a citizen of a particular state, other than Illinois and California, to maintain complete diversity. *See Galaxy Precision Mfg., Inc.*, 2022 WL 1908978, at *2 (explaining diversity requires "that the state citizenship of all plaintiffs differ from that of all defendants").

Ross more recently obtained a license and car registration in Rwanda is more probative of Ross's intent to remain in Rwanda than the prior licenses are suggestive of an intent to return to Arizona (or New York). Finally, Ross's bank account in Arizona does not undermine Ross's domicile in Rwanda when he also has bank accounts there. *Strabala*, 318 F.R.D. at 100, 104; *Hemingway v. Clausen Miller, P.C.*, No. 16 C 107, 2016 WL 11940392, at *2 (N.D. Ill. May 18, 2016). In sum, Ross's "link[s]" and "connections to the United States," Dkt. 52 at 2; Dkt. 53 at 3, are not enough to establish his domicile in Arizona, New York, or North Carolina.

Although the Court finds that defendant Ross is not domiciled anywhere in the United States, it is undisputed that he is a United States citizen. *See* Dkt. 54 at 11 ("David [Ross] has never asserted that he renounced his United States citizenship"); Dkt. 52 at 2 ("Ross also maintains his United States citizenship with a valid United States [p]assport"); Dkt. 52-1 at 4 (passport). Because defendant Ross is an American citizen domiciled in Rwanda, the Court does not have jurisdiction over this case. *Page*, 2 F.4th at 635-36 ("[W]e have consistently held that United States citizens domiciled abroad cannot be sued in diversity."); *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012) ("[A] United States citizen who establishes domicile in a foreign country is no longer a citizen of any State of the United States and destroys complete diversity under 28 U.S.C. § 1332."). Accordingly, defendant Ross's motion to dismiss is granted.

The Court addresses one final issue. Plaintiff appears to argue that the motion to dismiss should be denied based on waiver because "[d]efendant Ross had

the opportunity but failed to raise any jurisdictional issue in [the] initial joint status report," the initial joint status report stated defendant Ross resided in the United States, and defendant Ross did not move to dismiss until four months after he acknowledged service and participated in the case. Dkt. 53 at 3. But "there is no time constraint on raising a challenge to subject-matter jurisdiction and the limitations of such jurisdiction demand 'scrupulous adherence.'" *Hemingway*, 2016 WL 11940392, at *3 (quoting *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616 (7th Cir. 2002)). "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (quoting *United States v. Cotton*, 533 U.S. 625 (2002)). Moreover, the jurisdictional statement in the parties' initial joint status report does not alter the Court's analysis because domicile "is a legal conclusion drawn from the totality of the circumstances," *Hemingway*, 2016 WL 11940392, at *2, and the Court has an obligation to evaluate jurisdiction regardless of whether a party challenges it or the parties believe jurisdiction exists, *Arbaugh*, 546 U.S. at 514; Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Accordingly, the timing of defendant Ross's motion and the jurisdiction statements in the initial joint status report do not bear on the Court's ruling.

## CONCLUSION

For the foregoing reasons, the Court finds plaintiff's interpleader complaint must be dismissed for lack of jurisdiction based on the absence of complete diversity

7

of state citizenship between the parties required by 28 U.S.C. §§ 1332(a)(4), 1335.

Defendant Ross's motion to dismiss, Dkt. 33, is granted. The Court will enter a final

judgment terminating the case, without prejudice, pursuant to Federal Rule of Civil

Procedure 12(h)(3). Each party shall bear their own costs. Civil case terminated.

**So Ordered.**

_____
**Jeannice W. Appenteng**
**United States Magistrate Judge**

Date: 5/1/2026

8